
Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Kevin K. Yam
212.583.2674 direct
212.583.9600 main
kyam@littler.com

May 17, 2021



**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square, Room 618
New York, New York 10007

**Re:** *Gillett, et al. v. Zara USA, Inc., et al.*;
**Case No. 1:20-cv-3734-KPF**

Dear Judge Failla,

We are counsel for Defendants Zara USA, Inc. and Inditex USA LLC, (collectively "Defendants") in the above-referenced action.

On May 3, 2021, the Court denied in part, and granted in part, Plaintiff Latrell Gillett's motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) and ordered that notice of a pending Fair Labor Standards Act ("FLSA") lawsuit be disseminated to "(i) sales associates, stocks associates, cashiers, and other hourly employees, (ii) who worked for Defendants at any time from May 14, 2017, to July 1, 2019, (iii) at Zara retail stores in the United States, and (iv) who were not paid adequate overtime." (*See* Dkt. 37, the Opinion and Order, dated May 3, 2021 (the "Order"), p. 15.) The Order also ordered: (1) the parties to "meet and confer regarding the language of the proposed notices and the selection of an independent administrator" and (2) Defendants to provide Plaintiff with the names, last known addresses, telephone numbers, e-mail addresses, work locations, and dates of employment for employees in the putative collective as set forth in the Order (the "Collective List") (*See* the Order, p. 23).

*First*, the parties have met and conferred, and agreed to jointly retain A.B. Data, Ltd. as the independent administrator.

*Second*, Defendants filed a motion for reconsideration of the Order this afternoon (May 17, 2021). *See* Dkts. 39-40. Since the outcome of the motion for reconsideration may limit the scope of the collective (because Defendants contend that the beginning date of the collective should be May 3, 2018 instead of May 14, 2017), Defendants respectfully request that the Court enter an order staying the deadline for Defendants to provide Plaintiff with the Collective List and to disseminate the notices to the putative collective. Plaintiff consents to this request because Defendants have agreed to toll the statute of limitations for the putative collective for

littler.com

the time period that the Court takes to decide the motion for reconsideration only (*i.e.,* May 17, 2021 through date of opinion and order on Defendants' motion for reconsideration) so that no putative collective member is prejudiced by this requested stay.

We appreciate Your Honor's consideration of Defendants' request.

Sincerely,

/s/ Kevin K. Yam

Kevin K. Yam

Cc:     All Counsel of Record (Via ECF)

---

The parties' request to stay the case is GRANTED and this case is hereby STAYED pending resolution of Defendants' motion for reconsideration.  Upon consent of the parties, the statute of limitations for the putative collective action is tolled for the time period that the Court takes to resolve the motion for reconsideration.

Dated:     May 18, 2021
           New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE