**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LATRELL GILLETT, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| -against- | **No: 20 Civ. 3734 (KPF)** |
| **ZARA USA, INC. and INDITEX USA LLC,** | |
| **Defendants.** | **AMENDED CLASS ACTION COMPLAINT** |

Latrell Gillett ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation and other damages for Plaintiff and similarly situated non-exempt hourly positions such as stock associates, sales associates, and cashiers (collectively, "Hourly Workers") who work or have worked for Zara USA, Inc. and Inditex USA LLC (collectively, "Zara" or "Defendants").

2.     Headquartered in New York, New York, Zara sells retail clothing and fashion accessories at their stores throughout the United States.

3.       Zara operates over 95 stores throughout the United States and employs over 5,000 people in the United States, a majority of whom are Hourly Workers.

4.       At all relevant times, Defendants have compensated Plaintiff and all other Hourly Workers on an hourly basis.

5.       At all relevant times, Defendants have also paid Plaintiff and all other Hourly Workers commissions.

6.       At all relevant times, Defendants paid Plaintiff and all other Hourly Workers an overtime rate that failed to calculate their commissions, as required by law.

7.       At all relevant times, Defendants have compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

8.       Despite being manual workers, Defendants have failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

9.       In this regard, Defendants have failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

10.       At all relevant times, Defendants required Plaintiff and all other similarly situated Hourly Workers in New York to work shifts of over ten (10) hours and/or split shifts.

11.       If a class member worked a shift of over ten hours or a split shift, and was paid the applicable minimum wage, they are entitled to spread of hours pay.

12.       Despite paying Plaintiff and other Hourly Workers in New York the applicable minimum wage and requiring them to work shifts of over ten hours, Defendants failed to provide Plaintiff and similarly situated Hourly Workers in New York spread of hours pay.

13.       Plaintiff brings this action on behalf of himself and all other similarly situated Hourly

Workers nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b).

14.     Plaintiff also brings this action on behalf of himself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL"), and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Latrell Gillett**

15.     Latrell Gillett ("Gillett") is an adult individual who is a resident of the State of New York.

16.     Gillett was employed by Zara as an Hourly Worker from on or about March 2018 through approximately August 16, 2019.

17.     Gillett is a covered employee within the meaning of the FLSA and the NYLL.

18.     A written consent form for Gillett is being filed with this Class Action Complaint.

**Defendants**

**Zara USA, Inc.**

19.     Zara USA, Inc. is a domestic business corporation organized and existing under the laws of New York.

20.     Zara USA, Inc.'s principal executive office is located at 500 5th Avenue, Suite 400, New York, New York 10110.

21.     Zara USA, Inc. was and is a covered employer within the meaning of the NYLL,

and at all times relevant, employed Plaintiff and similarly situated employees.

22.     Zara USA, Inc. has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

23.     Zara USA, Inc. applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

24.     Upon information and belief, at all relevant times, Zara USA, Inc. has had an annual gross volume of sales in excess of $500,000.

**Inditex USA LLC**

25.     Inditex USA LLC is a domestic business corporation organized and existing under the laws of New York.

26.     Inditex USA LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

27.     Inditex USA LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

28.     Inditex USA LLC applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

29.     Upon information and belief, at all relevant times, Inditex USA LLC has had an annual gross volume of sales in excess of $500,000.

**JURISDICTION AND VENUE**

30.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

31.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

32.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendants' principal place of business is located in this District.

**COLLECTIVE ACTION ALLEGATIONS**

33.   Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Hourly Workers for Zara who elect to opt-in to this action (the "FLSA Collective").

34.   Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective for their overtime hours worked.

35.   Consistent with Defendants' policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their regular rates of pay, including earned commission, for all hours worked beyond 40 per workweek.

36.   All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

37.   As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the correct overtime

wages for all hours worked in excess of 40 hours per workweek.

38.   An employer "willfully violates the FLSA when it either new or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *See Young v. Cooper Cameron Corp.*, 586 F. 3d 201, 207 (2d Cir. 2009).

39.   According to *Whiteside v Hover-Davis*, "a claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' *See* 995 F.3d 315, 323 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "For a plaintiff to nudge their claim 'across the line from conceivable to plausible,' [they] must 'raise a reasonable expectation that discovery will reveal evidence' of the wrongdoing alleged, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" *See Id.* (quoting *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1995)).

40.   Defendants' willful violation of the FLSA is evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements.  Here, as evidenced below, discovery will certainly reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that commissions must be included in the regular rate and the overtime rate.

41.   Defendants have been faced with multiple actions for their failure to pay overtime without correcting their payment policies to be in compliance with the FLSA. *See e.g. Paz v. Zara USA, Inc.*, Case No. CIVDS18281561 (Cal. Sup. Ct., San Bernardino Cnty. Aug. 20, 2018) (alleging failure to pay FLSA overtime, settled pre-suit on June 14, 2018 for $1,900,000.00); *Magana v. Zara USA, Inc.* No. 18 Civ. 2249 (DOC) (ADS) (S.D. Cal. Dec. 19, 2018) (alleging failure to correctly calculate commissions into overtime pay); *Sedaghatpour v. Zara USA, Inc.*,

No. 20 Civ 1272 (DMG) (JPR) (C.D. Cal. Feb. 7, 2020) (same); *Palomino v. Zara USA, Inc.*, Case No. 30-2018-992682 (CU) (OE) (CXC) (Cal. Sup. Ct. Orange Cnty. May 14, 2018) (alleging failure to pay overtime); *Balderama v. Zara USA, Inc.*, Case No. 44072 (SCV) (Cal. Sup. Ct. Placer Cnty. Nov. 21, 2019) (same).

42.   Moreover, on November 8, 2018, Defendants mailed settlement notice packets to 5,631 class members in the *Paz* action. *See Magana*, No. 18 Civ. 2249 (DOC)(ADS), ECF No. 47-1, ¶7. This notice contained an FLSA release for "failure to provide the overtime compensation based on miscalculation of the overtime rate."  *See* **Exhibit A,** *Paz Notice*, pg. 3.

43.   As a result, at the latest date of June 14, 2018, and certainly by November 8, 2018, Defendants were aware that their pay policies were in violation of the FLSA. However, Defendants continued their illegal pay scheme through at least July 1, 2019. *See* ECF No. 34, Declaration of Emma Redondo, ¶¶ 7-8. This evidences reckless disregard of the FLSA.

44.   Moreover, Defendants operate as part of a conglomerate worth approximately $14.7 billion with $21.9 billion in sales throughout the globe.[1] In support of this operation, Defendants certainly employ multiple attorneys with the specific job duty of understanding labor laws.

45.   For example, on, June 3, 2015, Defendant Zara USA, Inc. was sued by their previous general counsel in New York, who described his job duties as advising Defendant "on compliance with New York Labor Law" and settlement of "labor and employment" claims. *See Miller v. Zara USA, Inc.*, Index No. 155512/2015, Doc. No. 1 (N.Y. Sup. Ct. Jun. 3, 2015).

46.  In addition, Defendants employ at least one specific "Employment and Labor Counsel" in New York in addition to their general counsel.[2]

47.    Accordingly, it is not only clear that Defendants knew by June 14, 2018 that their pay

---

[1] https://www.forbes.com/companies/zara/?sh=21cba4317487
[2] https://www.linkedin.com/in/jason-bogni-5b075992/

policies were in violation of the FLSA and similar state statutes, but it is also clear that Defendants recklessly disregarded the law, because their substantial investment in compliance could have not resulted in mere ignorance of their flagrant violation of the FLSA.

48.   As such, Defendants failure to pay overtime constitutes a willful violation of the FLSA. *See Rojas v. Splendor Landscape Designs, Ltd.*, 268 F. Supp. 3d 405, 410-411 (E.D.N.Y. 2017) (finding that employer's FLSA violation was willful where the Department of Labor had previously informed the employer that their pay policies violated the FLSA).

## NEW YORK CLASS ACTION ALLEGATIONS

49.   Plaintiff brings the Second, Third, Fourth, Fifth and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Zara USA, Inc. and/or Inditex USA LLC in New York between April 17, 2014 and the date of final judgment in this matter (the "New York Class").

50.   The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

51.   There are more than fifty members of the New York Class.

52.   Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

53.   Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type

of unfair and/or wrongful acts as to each member of the New York Class.

54.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

55.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

56.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

57.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;
>
> (b) whether Defendants correctly compensated Plaintiff and the New York Class on a timely basis;
>
> (c) whether Defendants correctly compensated Plaintiff and the New York Class with spread of hours pay, as required by the NYLL;
>
> (d) whether Defendants failed to furnish Plaintiff and the New York Class with a proper time of hire wage notice, as required by the NYLL; and
>
> (e) whether Defendants failed to furnish Plaintiff and the New York

Class with accurate statements with every payment of wages, as
required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

58.     Consistent with their policies and patterns or practices as described herein,
Defendants harmed Plaintiff, individually, as follows:

**Latrell Gillett**

59.     Gillett was employed at various Zara stores in New York as an hourly employee from
on or about March 2018 to on or about August 2019.

60.     During his employment, Gillett has worked for numerous stores operated by
Defendants.

61.     During his employment, Gillett frequently worked over 40 hours per week. In
weeks were Gillett worked over 40 hours per week and earned commission, Defendants failed to
calculate the overtime rate including commissions.

62.     For example, for the pay period of June 17, 2018 to June 30, 2018, Gillett worked
8 hours and 51 minutes of overtime and earned commissions, therefore the overtime he was paid
of $19.50 per hour failed to account for the commissions he earned. *See* **Exhibit B**, Gillett Paystub.

63.     Furthermore, during his employment, over twenty-five percent of Gillett's duties
were physical tasks, including but not limited to: (1) moving shipment boxes; (2) lifting and
stacking boxes; (3) opening boxes; (4) placing clothes on shelves and; (5) price tagging clothes.

64.     Despite regularly spending more than twenty-five percent of his shift performing
these physical tasks, Gillett has been compensated by Defendants on a bi-weekly basis.

65.     For example, for the week beginning on June 17, 2018 and ending June 30, 2018,
Gillett was paid his lawfully earned wages on July 6, 2018. *See* **Exhibit B**.

66.     In this regard, Defendants failed to pay Gillett his wages earned from June 17, 2018

through June 23, 2018 by June 30, 2018, as required by NYLL § 191(1)(a).

67.     Throughout his employment, Gillett would work shifts of over ten hours from beginning to the end of his shift and/or split shifts. Despite working shifts of over ten hours and/or split shifts, Defendants failed to provide Gillett with spread of hours pay as required by the NYLL.

68.     Defendants failed to provide Gillett with a proper time of hire wage notice as required by the NYLL.

69.     Throughout his employment, Defendants failed to provide Gillett with accurate wage statements with each payment of wages as required by the NYLL.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of FLSA Collective.

72.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

73.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, including commissions, for all hours worked in excess of 40 per workweek.

74.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied proper overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees

and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the New York Class)

75.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

77.     Defendants failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay, including commissions – for all hours worked beyond 40 per workweek.

78.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

81.     Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

82.     Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

### FOURTH CAUSE OF ACTION

**New York Labor Law – Spread of Hours Pay**
**(Brought on behalf of Plaintiff and the New York Class)**

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     Defendants have failed to pay Plaintiff and the New York Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiff and the New York Class worked split shifts.

85.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Proper Time of Hire Notice**
**(Brought on behalf of Plaintiff and the New York Class)**

86.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     Defendants have failed to supply Plaintiff and the New York Class with a proper time of hire wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate

or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

89.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Defendants failed to supply Plaintiff and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked per week, including overtime hours worked if applicable; deductions; and net wages.

91.     Due to Defendants' violations of NYLL § 195(3), Plaintiff and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Hourly Workers in the United States who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Zara. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the NY Rule 23 Class and counsel of record as Class Counsel;

E.      Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Liquidated damages in the amount of the untimely wage payments pursuant to the

NYLL;

G.      Unpaid spread of hours pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with proper time of hire wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the NY Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article § 198;

J.      Prejudgment and post-judgment interest;

K.      Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        July 9, 2021

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

16