**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LATRELL GILLETT, individually and on behalf of others similarly situated,**<br><br>**Plaintiff,**<br><br>    -against-<br><br>**ZARA USA, Inc. and INDITEX USA LLC,**<br><br>**Defendants.** | **Case No. 20 Civ. 3734 (KPF)** |

## <u>MEMORANDUM OF LAW</u>
## <u>IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................iii

PRELIMINARY STATEMENT ................................................................................................1

LEGAL STANDARD ...............................................................................................................1

ARGUMENT .............................................................................................................................2

   **I.   DEFENDANTS' NYLL 191(1)(a) VIOLATIONS HAVE INJURED PLAINTIFF** ...........2

      A.   **Delay in Payment Causes Injury** ....................................................................3

      B.   **A Violation of NYLL § 191(1)(a) Constitutes Underpayment** .......................5

  **II.   DEFENDANTS' PURPORTED CBA HAS NO EFFECT ON THIS LITIGATION** ........6

      A.   **The Court Should Not Take Judicial Notice of the CBAs**.............................7

      B.   **The CBA Does Not Cover The Full Time Period of Plaintiff's Claims**......................8

      C.   **Plaintiff's NYLL § 191(1)(a) Claim Is Not Preempted By Any CBA** .........................9

      D.   **The Existence of a CBA Does Not Vitiate NYLL Rights**.............................12

 **III.   A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191** ...13

CONCLUSION ........................................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) ................................................................................................................. 10

*Andrews v. Rite Aid Corp.*,
No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) ...................................................... 4

*Arciello v. County of Nassau*,
No. 16 Civ. 3974, 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019) .............................. 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................................... 2

*Campos v. Aegis Realty Management Corp.*,
No. 19 Civ. 2856 (KPF), 2020 WL 433356 (S.D.N.Y. Jan. 28, 2020) .......................... 2

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987) ...................................................................................................... 9

*Caul v. Petco Animal Supplies, Inc.*
No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021) .......... 3, 13, 14, 16

*Chambers v. Time Warner, Inc.*,
282 F. 3d 147 (2d Cir. 2002) .......................................................................................... 7

*Cortec Industries, Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) .............................................................................................. 2

*Cox v. Perfect Bldg. Corp.*,
No. 17 Civ. 7474 (VEC), 2017 WL 3049547 (S.D.N.Y. Jul. 18, 2017) ........................ 8

*DiBella v. Hopkins*,
403 F.3d 102, 112 (2d Cir. 2005) .................................................................................. 13

*Duverny v. Hercules Medical P.C.*,
No. 18 Civ. 7652 (DLC), 2020 WL 1033048 (S.D.N.Y. Mar. 3, 2020) ....................... 6, 14

*Global Network Communications, Inc. v. City of New York*,
458 F. 3d 150 (2d Cir. 2006) ...................................................................................... 2, 7

*Goel v. Bunge, LTD.*,
820 F. 3d 554 (2d Cir 2016)................................................................................. 2

*Granados v. Harvard Maint., Inc.*,
No. 05-CV-5489 (NRB), 2006 WL 435731 (S.D.N.Y. Feb. 22, 2006)........................................ 8

*Habitat Educ. Ctr. v. U.S. Forest Serv.*,
607 F.3d 453 (7th Cir. 2010) ................................................................................. 3

*Hoops v. KeySpan Energy*,
794 F. Supp. 3d 371 (E.D.N.Y. 2011) ........................................................................ 11

*Isaacs v. Central Parking Systems of New York, Inc.*,
No. 10 Civ. 5736 (ENV)(LB), 2012 WL 957494 (E.D.N.Y. Feb. 27, 2012) ................................... 9

*Jackson Purchase Rural Elec. Co-op. Ass'n. v, Local Union 816, IBW of Electrical Workers*,
646 F. 2d 264 (6th Cir. 1981) ................................................................................. 13

*Johnson v. D.M. Rothman Co.,*
861 F. Supp. 2d 326 (S.D.N.Y. 2012).......................................................................... 11

*Jordan v. MV Transportation, Inc.*,
No. 14 Civ. 3759 (NGG) (JO), 2016 WL 748115 (E.D.N.Y. Feb. 3, 2016) ................................. 8

*Kaye v. Orange Regional Medical Center,*
975 F. Supp. 2d 412 (S.D.N.Y. 2013).............................................................. 7, 9, 10, 12

*Kyecsek v. J.P. Hogan Corning & Sawing, Corp.*,
No. 18 Civ. 1023 (PAC); 2019 WL 1059998 (S.D.N.Y. Mar. 6, 2019)............................... 10, 12

*Levy v. Verizon Info. Servs. Inc.*,
498 F.Supp.2d 586 (E.D.N.Y.2007) .......................................................................... 9

*Lingle v. Norge Division of Magic Chef, Inc.*,
486 U.S. 399 (1987)....................................................................................... 11

*Livada v. Bradshaw,*
512 U.S. 107 (1994)....................................................................................... 12

*Lum v. Bank of America,*
361 F.3d 217 (3d Cir.2004)................................................................................ 7

*Mclean v. Garage Management Corp.*,
No. 10 Civ. 3950 (DLC), 2011 WL 1143003 (S.D.N.Y. Mar. 29, 2011)...................................... 10

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
723 F.3d 192 (2d Cir.2013)............................................................................................. 7, 8

*Hussain v. Pakistan Int'l Airlines*,
No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541 (E.D.N.Y. Oct. 23, 2012)............................ 15

*Gardner v. D&D Electrical Const. Comp., Inc*,
No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019)......................... 15

*Hunter v. Planned Bldg. Servs., Inc.*,
No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018)........................................... 15

*Penn v. New York Methodist Hosp.*,
No. 11 Civ. 9137 (NSR), 2013 WL 5477600 (Sept. 30, 2013) ................................................... 2

*People v. County Bank of Rehoboth Beach, Delaware*,
45 A.D. 1136 (3rd Dept. 2007).............................................................................................. 4

*People v. Vetri*,
309 N.Y. 401, 405 (1955) ..................................................................................................... 4

*Phillips v. Max Finkelstein, Inc.*,
Index No. 2020/542SC, 2021 WL 4075089 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ............. 14

*Polanco v. Brookdale Hospital*,
819 F. Supp. 2d 129 (E.D.N.Y. 2011) ............................................................................... 11, 12

*Porsch v. LLR, Inc.*,
380 F. Supp. 3d 418 (S.D.N.Y. 2019)..................................................................................... 3

*Quintanilla v. Kabco Pharmaceuticals*,
No. 19 Civ 6752 (E.D.N.Y. Jun 30, 2020)............................................................................. 14

*Ramirez v. Riverbay Corp.*,
35 F. Supp. 3d 513 (S.D.N.Y. 2014)...................................................................................... 10

*Rana v. Islam*,
887 F.3d 118 (2d Cir. 2018).................................................................................................... 6

*Rodrigue v. Lowe's Home Centers, LLC*,
No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3838268 (Aug. 7, 2021) ................................ 6, 13, 14

*Rogers v. City of Troy*,
148 F. 3d 52 (2d Cir. 1998) ................................................................................................... 4

*San Diego Building Trades Council v. Garmon*,
79 S. Ct. 773 (1959) ........................................................................................................... 12

*Scott v. Whole Foods Market Group, Inc.*,
No. 18 Civ. 86 (SJF) (AKT), ECF Doc. No. 58 (E.D.N.Y. Feb. 5, 2020) .................................... 13

*Sierra Club v. Con-Strux LLC*,
911 F.3d 85 (2d Cir. 2018) .................................................................................................... 1

*Sorto v. Diversified Maint. Sys., LLC*,
No. 20-CV-1302(JS)(SIL), 2020 WL 7693108 (E.D.N.Y. Dec. 28, 2020) ............................. 5, 14

*Sorto v. Diversified Maint. Sys.*,
No. 20 Civ. 1302 (JS)(SIL), 2020 WL 8413553 (E.D.N.Y. Nov. 15, 2020) ............................... 5

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) .................................................................................................. 2, 3, 4

*TransUnion, LLC v. Ramirez*,
141 S. Ct. 2190 (2021) .......................................................................................................... 2

*Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*,
843 F.3d 561 (2d Cir. 2016) ................................................................................................... 2

*Vega v. CM & Assocs. Constr. Mgmt., LLC*,
175 A.D.3d 1144 (N.Y. App. Div. 2019) ........................................................................ passim

*West v. Am. Tel. & Tel. Co.*,
311 U.S. 223 (1940) ............................................................................................................ 13

**STATUTES**

29 U.S.C § 216 .................................................................................................................... 6

New York Bank Law § 14-a ................................................................................................... 4

New York Labor Law § 191 ........................................................................................... passim

New York Labor Law § 198 ..................................................................................... 5, 6, 13

New York Penal Law § 1940 .......................................................................................... 4

**OTHER AUTHORITIES**

Mary Caplan, Do We Know What We Think About Payday Loan Borrowers,
Western Michigan University, 44 The Journal of Sociology & Social Welfare 2 (2017)............. 4

Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]) .................................................. 5

Nishant Choksi, Helping Low-Income Workers Stay Out of Debt,
Havard Business Review (2020)....................................................................................... 4

## PRELIMINARY STATEMENT

Unsatisfied with the Court's original order granting conditional certification and the subsequent denial of their motion for reconsideration, Defendants now move to dismiss Plaintiffs' New York Labor Law ("NYLL") § 191(1)(a) claim.[1] However, Defendants' current motion rests on four clearly erroneous arguments. First, Defendants state that a delay in payment causes no injury, despite well settled legal principles to the contrary. Moreover, Defendants ignore that such delay constitutes *underpayment*, a clear injury. Second, Defendants argue that Plaintiff's straightforward NYLL claim is preempted by a collective bargaining agreement ("CBA") despite there being no need to interpret the CBA to determine if a NYLL violation has occurred. Third, Defendants outlandishly claim that the NYLL cannot be applied, because the mere existence of a CBA vitiates the NYLL. Defendants argument in this regard ignores clear tenements of wage and hour law. In addition, with respect to both of Defendants' arguments regarding a CBA, Defendants have ignored that Plaintiff was not covered by any CBA for almost all of his employment, and the statutory period for New York Class Members began years before any CBA was implemented. In addition, Defendants cannot rely on these documents at this stage of the litigation. Finally, Defendants repeat a discredited argument that there is no private right of action pursuant to New York Labor Law § 191.

As fully set out below, Defendants' to dismiss. should be denied in its entirety.

## LEGAL STANDARD

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (citing *Trustees of Upstate New York*

---

[1] Contrary to Defendants' assertions in their Memorandum of Law in Support of their Motion to Dismiss, Plaintiff's Amended Complaint did not allege any additional claims. *See* ECF Nos. 1, 47

*Engineers Pension Fund v. Ivy Asset Management*, 843 F.3d 561, 566 (2d Cir. 2016)). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Campos v. Aegis Realty Management Corp.*, No. 19 Civ. 2856 (KPF), 2020 WL 433356, at *3 (S.D.N.Y. Jan. 28, 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Furthermore, a motion to dismiss under Rule 12(b)(6) "challenges only the 'legal feasibility' of a complaint" and must rely on a "narrow universe of materials". *See Goel v. Bunge, LTD.*, 820 F. 3d 554, 558 (2d Cir 2016) (citing *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 155 (2d Cir.2006)). In this regard, a problem "arises when a party seeks to introduce affidavits, depositions or other extraneous documents not set forth in the complaint for the court to consider on a Rule 12(b)(6) motion." *See Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

## ARGUMENT

### I.   DEFENDANTS' NYLL 191(1)(a) VIOLATIONS HAVE INJURED PLAINTIFF

Defendants' first argument regarding NYLL 191 focuses on standing, and stems from their misunderstanding of the Supreme Court's recent holdings in *TransUnion, LLC v. Ramirez* and *Spokeo, Inc. v. Robins*. *See* 141 S. Ct. 2190 (2021); 136 S. Ct. 1540 (2016). However, Defendants stretch these cases to an extreme proposition they do not stand for, as both cases found or explained instances of concrete harm that are far less than what Plaintiff has alleged here. *See TransUnion,* 141 S. Ct. at 2208-2209 (holding that plaintiffs whose credit files were provided to third parties with false information had Article III standing); *Spokeo* 136 S. Ct. at 1549 ("This does not mean, however, that the risk of real harm cannot satisfy the requirement of concreteness... [f]or example, the law has long permitted recovery by [slander per se] victims

even if their harms may be difficult to prove or measure") (internal citations omitted). Neither of these cases articulate a strict standard where a plaintiff must articulate the intimate details of a tangible injury. *See Spokeo* 136 S. Ct. at 1549 ("[c]oncrete is not, however, necessarily synonymous with tangible… it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit"). Moreover, these cases only address federal statutes. *See Caul v. Petco Animal Supplies, Inc.* No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("[NYLL] 191 and 198 are state enactments, not federal ones. [d]efendants point to no authority for the proposition that state causes of action should be construed narrowly to ensure that federal courts can adjudicate them").

Moreover, it is not only clear that delay in payment constitutes a concrete harm, but that violations of NYLL § 191(1)(a) constitute underpayments for which there can be no question of injury. *See Caul*, 2021 WL4407856, at *4 ("the late payment of wages is a concrete harm").

A. **Delay in Payment Causes Injury**

Defendants fail to address that multiple courts have found that mere delay in payment constitutes concrete injury. *See e.g. Caul*, 2021 WL 4407856, at *4; *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing"). Moreover, it is a well settled financial principle that the time value of money is more in the present than the future. *See Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money").

Depravation of wages is an "especially acute" injury for manual workers, as they are "generally dependent on their wages for sustenance." *Caul*, 2021 WL 4407856, at *4 (quoting

*Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019)); *see also People v. Vetri,* 309 N.Y. 401, 405 (1955). It may be that Defendants, who operate a multi-billion-dollar business, do not identify why it is important for their manual worker employees to have the wages they have earned accessible as soon as possible, but that does not mean that they have not been injured. *See e.g.*, Nishant Choksi, Helping Low-Income Workers Stay Out of Debt, Havard Business Review (2020) ("Stagnant wages, a rising cost of living, and increasingly irregular schedules routinely force many working Americans onto a financial knife's edge; they're able to pay their usual bills but lack a buffer to handle even small financial shocks. Part of the problem is that most U.S. workers are paid biweekly").

This is further evidenced by the necessity of New York's law outlawing predatory "payday loans." *See* 190 NY Penal Law § 1940.40; 2 NY Bank Law § 14-a; *see also People v. County Bank of Rehoboth Beach, Delaware*, 45 A.D. 1136 (3rd Dept. 2007) ("Payday loans are typically small, short-term loans that the borrower agrees to repay on the borrower's next payday. Because of the short term of the loan, the annual interest rate of a payday loan will invariably exceed the maximum interest rate permitted in New York"); Mary Caplan, Do We Know What We Think About Payday Loan Borrowers, Western Michigan University, 44 The Journal of Sociology & Social Welfare 2 (2017) (finding that payday loans target "mostly people who are economically marginalized." and are used to "meet basic needs" and are a "resource of last resort").

Delay has further been found to satisfy standing in wage and hour cases. *See e.g. Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB) (S.D.N.Y. Mar. 11, 2021) (oral argument transcript attached as **Ex. A)** (citing *Rogers v. City of Troy,* 148 F. 3d 52, 57 (2d Cir. 1998). (finding a delay in payment amounting to $2.96 satisfied Article III standing). This is the exact type of "traditional" harm Judge Alito confirmed to constitute concrete injury in *Spokeo*. *See* 136 S. Ct. at 1549.

4

In addition, the logical conclusion of Defendants' argument that delay does not cause injury stands for the proposition that Defendant could avoid paying any wages due until the exact second before an employee filed a complaint, be it months or years, and no harm would have occurred. This would clearly be in direct contravention of the fundamental purpose of NYLL 191, which is to ensure such late payments do not occur. Thus, Defendants' argument in this regard must fail.

### B. <u>A Violation of NYLL § 191(1)(a) Constitutes Underpayment</u>

Defendants do not attempt to justify their position that delay does not cause injury, nor do Defendants grapple with the consistent findings that NYLL § 191(1)(a) violations constitute underpayments which trigger the liquidated damage provisions of NYLL § 198. *See e,g, Sorto v. Diversified Maint. Sys.*, No. 20 Civ. 1302 (JS)(SIL), 2020 WL 8413553, at *2 (E.D.N.Y. Nov. 15, 2020) (report and recommendation adopted 2020 WL 7693108 (Dec. 28, 2020) ("the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required") (quoting *Vega*, 175 A.D. 3d at 1145)

The instant matter is a perfect example of where an underpayment occurred due to a violation of NYLL § 191(1)(a). Plaintiff here alleges he was a manual worker as contemplated by the statute, and that Defendants owed him his lawfully earned pay within seven days of the week in which he completed his work. *See* ECF No. 47 (Amd. Compl.) ¶¶ 63-66. Accordingly, Plaintiff was owed his wages for the week beginning June 17, 2018 and ending June 23, 2018 on June 30, 2018. *See* Amd. Compl. ¶¶ 65-66. However, June 30, 2018 passed without Plaintiff receiving any of his wages. *See id.* Accordingly, as of July 1, 2018 Plaintiff had been paid "less than what is required." *See Vega*, 175 A.D. 3d at 1145 (citing Merriam-Webster's Collegiate Dictionary 1364 [11th ed 2012]).

5

Defendant protests that they eventually compensated Plaintiff for the hours he worked, but this is only a partial defense This is because at the time they paid Plaintiff, he was not only entitled to the underlying wages, he was also entitled to liquidated damages, interest, and even injunctive relief for the violations which occurred when his wages were not paid by their due date. These remedies are set forth in NYLL § 198, and they could not be clearer. *See Duverny v. Hercules Medical P.C.*, No. 18 Civ. 7652 (DLC), 2020 WL 1033048, at *5 (S.D.N.Y. Mar. 3, 2020) (citing *Vega*, 107 N.Y.S. 3d at 288) ("[a] plaintiff's entitlement to statutory damages pursuant to [NYLL] § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action").

Surely, Defendants are not arguing that the liquidated damages provisions of New York Labor Law § 198 that compensate a Plaintiff for underpayments are unconstitutional, nor could they. After all, there are "no meaningful differences" between NYLL § 198 and 29 U.S.C § 216. *See Lowes Home Centers, Inc. v. Rodrigue*, No. 20 Civ. 1127 (RPK) (RLM), 2021 WL 3838268, at *5 (Aug. 7, 2021) (quoting *Rana v. Islam,* 887 F.3d 118, 123 (2d Cir. 2018)). Pointedly, Defendants are not moving to dismiss Plaintiffs' liquidated damage claims for overtime and spread of hours violations under the NYLL, as they know this would not pass the smell test. However, there is not a functional difference between liquidated damages under NYLL §198 for frequency of pay violation versus overtime violations, as both constitute underpayments.

It is more than clear, that being underpaid constitutes a "concrete" injury. As such, Plaintiff's Article III standing is established for his NYLL § 191(1)(a) claim.

## II.  DEFENDANTS' PURPORTED CBA HAS NO EFFECT ON THIS LITIGATION

Defendants offer CBAs in support of their arguments regarding preemption. However, the documents are not appropriate to apply to a motion to dismiss under Rule 12(b)(6). Moreover, they

do not cover the full extent of Plaintiff's employment nor the statutory period for his NYLL § 191 claims. Even if the Court considers these documents, they do not provide any relief to Defendants as there is no basis for a finding of preemption, nor can the existence of a CBA relieve Defendants' obligations under the NYLL.

### A. **The Court Should Not Take Judicial Notice of the CBAs**

When a Rule 12(b)(6) motion presents matters outside the pleadings, the court is afforded two options: (1) to exclude the extrinsic documents, or (2) to convert the motion to one for summary judgement and allow the parties to conduct appropriate discovery. *See Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 154-155 (2d Cir. 2002). This is a "mandatory rule" which ensures fairness to a plaintiff and makes sure the plaintiff will "have an opportunity to contest defendants' relied-upon evidence by submitting material that controverts it." *See Global Network Communications, Inc. v. City of New York*, 458 F. 3d 150, 155 (2d Cir. 2006) (internal citations omitted).

The only exception to this bright line rule is that a court may also consider "materials integral to the complaint," meaning materials the plaintiff "relied on" in drafting the complaint, or "materials subject to judicial notice." *Id.* Materials subject to judicial notice include matters of public record, however these records are not to be used for the "truth of the facts asserted." *Id.* (citing *Lum v. Bank of America*, 361 F.3d 217, 222 n. 3 (3d Cir.2004)).

The Second Circuit has explicitly held that "it is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in a plaintiff's complaint" *See Kaye v. Orange Regional Medical Center,* 975 F. Supp. 2d 412, 419 (S.D.N.Y. 2013) (citing *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 202–03 (2d Cir.2013); *see also Jordan v. MV*

7

*Transportation, Inc.*, No. 14 Civ. 3759 (NGG) (JO), 2016 WL 748115, at *4-5 (E.D.N.Y. Feb. 3, 2016) report and recommendation adopted 2016 WL 754358 (Feb. 24, 2016) (finding Defendants' attempt to introduce a CBA for the purposes of a Rule 12(b)(6) motion "procedurally premature"). Moreover, Plaintiff is the "master of the complaint," and not responsible for pleading a CBA into his complaint. *See Nakahata*, 723 F.3d at 203. Instead, "[i]t is a defendant's responsibility to raise preemption by the CBA as a defense, but ... a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." *See id*.

Defendants cite two cases in a footnote of their Memorandum of Law to justify judicial notice. *See Cox v. Perfect Bldg. Corp.*, No. 17 Civ. 7474 (VEC), 2017 WL 3049547 (S.D.N.Y. Jul. 18, 2017) and *Granados v. Harvard Maint., Inc.*, No. 05-CV-5489 (NRB), 2006 WL 435731 (S.D.N.Y. Feb. 22, 2006)  However, neither of these cases concern preemption or the NYLL. *Cox*, 2017 WL 3049547, at *3 (contemplating judicial notice of an arbitration award for the purposes of issue preclusions); *Granados*, 2006 WL 435731 at *3-4 (discussing a CBA's provisions regarding discrimination). Accordingly, these decisions offer no support to Defendants. Instead, it is clear that it would be inappropriate to consider Defendants' CBA at this time for the purposes of preemption.  Moreover, defendants did not ask the Court to alternatively consider their motion as one for summary judgment.

## B.  **The CBA Does Not Cover The Full Time Period of Plaintiff's Claims**

Should the Court take judicial notice of the CBA, Defendants cannot dispute that it does not cover the majority of Plaintiff's claims. Plaintiff worked from March 2018 to August 17, 2019 in Defendants' Staten Island and Brooklyn locations. *See* Amnd. Compl. ¶ 59; ECF No. 28-2 ¶ 2. Defendants' purported CBA for these locations did not come into effect until July 1, 2019. *See* ECF No. 56-3, pg. 19.

Moreover, Plaintiff has alleged his NYLL § 191(1)(a) claims on behalf of a class of all Hourly Workers in New York whose statutory period runs back to May 14, 2014. *See* Amnd. Comp. ¶ 49. Defendants' earliest dated CBA is on April 11, 2017 and is effective only at their locations in Manhattan. *See* ECF No. 56-1, pg. 19.

Accordingly, Defendants' CBAs cannot fully cover all of Plaintiff's, nor the putative Class Members,' NYLL claims, because they were not in effect for the large periods of Plaintiff's claims. *See Kaye*, 975 F. Supp. 2d at 421 ("the Court cannot see how [d]efendant could argue [t]hat the CBA, which [d]efendant and the [u]nion entered into [after the beginning of the class period] preempts [p]laintiff's claims"). Clearly, Plaintiff's claims from before the implementation of the CBA "are necessarily independent from, and do not require interpretation of" any CBA. *See id*; *see also Levy v. Verizon Info. Servs. Inc.*, 498 F.Supp.2d 586, 593 (E.D.N.Y.2007) (("[MLRA § 301's sweeping preemptive force applies only where state law claims coincide with *current* collective bargaining agreements").

## C. **Plaintiff's NYLL § 191(1)(a) Claim Is Not Preempted By Any CBA**

As to the periods of Plaintiff's employment covered by Defendants' CBAs, it is clear that no interpretation of any of the CBAs' provisions are necessary to determine Plaintiff's claims pursuant to the NYLL and FLSA. Section 301 of the LMRA preempts claims where they are "founded *directly* on rights created by collective-bargaining agreements, and also claims '*substantially dependent* on analysis of a collective-bargaining agreement.'" *Isaacs v. Central Parking Systems of New York, Inc.*, No. 10 Civ. 5736 (ENV)(LB), 2012 WL 957494, at *2 (E.D.N.Y. Feb. 27, 2012) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) (emphasis added). However, "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted." *Ramirez v. Riverbay Corp.*, 35 F.

Supp. 3d 513, 523 (S.D.N.Y. 2014) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985). "The test for determining whether a claim is preempted by § 301 is "whether the [claim implicates] . . . rights [of] employers or employees independent of any right established by contract, or, instead, whether evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract." *Id*.

As Defendants point out, "*Kaye v Orange Regional Medical Center* is instructive." *See* ECF No. 55, pg. 20 (citing *Kaye*, 975 F. Supp. 2d at 421). In *Kaye*, the plaintiff asserted NYLL claims for unpaid overtime that the Court found to have no ties to the CBA. *See Kaye*, 975 F. Supp. 2d at 421 ("it appears to be well settled that claims pursuant to N.Y. Labor Law are truly independent of rights under the CBA"). Judge Karas further determined that the CBA *did not* preempt Plaintiff's claims under the NYLL, because any CBA provision would "[a]t most …need to be merely referenced" to resolve the plaintiff's NYLL Claims. *See id.*

Courts in this Circuit routinely hold similar to *Kaye* to find that NYLL claims are not preempted by the mere existence of a CBA. *See e.g. Kyecsek v. J.P. Hogan Corning & Sawing, Corp.*, No. 18 Civ. 1023 (PAC); 2019 WL 1059998, at *4 (S.D.N.Y. Mar. 6, 2019) (finding plaintiff's NYLL claims "independent" and "distinct" from a CBA); *Jordan*, 2016 WL 748115, at *5 ("[plaintiff's] claims require little, if any, analysis of the CBAs. A state claim is not preempted if its application requires mere referral to the CBA for information such a rate of pay"); *Mclean v. Garage Management Corp.*, No. 10 Civ. 3950 (DLC), 2011 WL 1143003, at *3 (S.D.N.Y. Mar. 29, 2011) (quotations omitted) ("[LMRA § 301] does not preempt actions to enforce "state prescribe[d] rules ... rights and obligations that are independent of a labor contract…even if resolving a dispute under a state law claim and the CBA "would require addressing precisely the same set of facts, as long as the state law claim can be resolved without interpreting the agreement

itself"); *Polanco v. Brookdale Hospital,* 819 F. Supp. 2d 129, 133 (E.D.N.Y. 2011) (quoting *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 408 (1987) ("[e]ven if resolution of a state-law claim 'involves attention to the same factual considerations as the contractual determination ... such parallelism does not mandate preemption'")).

Defendants only point to two cases in support of their position, *Johnson v. D.M. Rothman Co.*, and *Hoops v. KeySpan Energy*, both of which are far from analogous to the current matter. *See* 861 F. Supp. 2d 326 (S.D.N.Y. 2012); 794 F. Supp. 3d 371 (E.D.N.Y. 2011). Both *Johnson* and *Hoops* concerned whether the plaintiffs were entitled to differential payments which stemmed directly from the CBA, not the NYLL. *See Johnson*, 861 F. Supp. 2d at 328 ("[p]laintiffs claim that [defendant] failed to include certain wage differentials *owed to them under the governing Collective Bargaining Agreement*") (emphasis added); *Hoops*, 794 F. Supp. 3d at 379 ("[p]laintiff acknowledges that the [c]ourt will first have to determine 'what straight-time Plaintiff was entitled to be paid (including night differential premium pay for hours worked during night shifts)" before reaching [plaintiff's overtime claims]). Clearly, the right to differential payment under a contract does not implicate a standalone statutory NYLL claim. *See Hoops*, 794 F. Supp. 3d at 378 ("any right the [p]laintiff may have to receive shift differentials [is] derived from the CBA").

In the present matter, Plaintiff has alleged that he was not paid on a timely basis according to NYLL § 191(1)(a). Nowhere in Plaintiff's complaint does he allege that he derives any right to timely pay from any CBA. Similarly, Defendants do not point to any CBA provision regarding timely pay or explain in any way what "will be necessary to interpret" within those CBAs. *See* ECF No. 55, pgs. 21-22. Moreover, even if Defendants were able to identify a CBA provision regarding timely pay, it is clear that the NYLL claims is at most "parallel" to the CBA, because Plaintiff finds all of his rights within the NYLL. *See Polanco*, 819 F. Supp. 2d at 134 ("parallelism

does not mandate preemption"). Accordingly, Defendants' argument regarding preemption falls flat.

### D.  __The Existence of a CBA Does Not Vitiate NYLL Rights__

Having failed to establish the traditional preemption defense, Defendants turn next to a more innovative argument, that New York Labor Law § 191 is entirely preempted by the National Labor Relations Act. Defendants' argument in this regard fails entirely,

It is well established that the NYLL establishes separate rights than a CBA. *See Kyecsek*, 2019 WL 1059998, at *4 (S.D.N.Y. Mar. 6, 2019) (quoting *Kaye*, 975 F. Supp. 2d at 422) ("it is 'well settled' that claims pursuant to N.Y. Labor Law are 'truly independent of rights under the CBA.'). It is further established that a CBA does not override these rights *See Livada v. Bradshaw*, 512 U.S. 107, 123 (1994) ("Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law"); *Polanco*, 819 F. Supp. 2d at 133 (Section 301, however, does not preempt state claims when state law confers an independent statutory right to bring a claim").

Defendants' argument regarding *San Diego Building Trades Council v. Garmon* misses the mark, as *Garmon* does not concern the ability of a state to form their own wage and hour enforcement laws. *See San Diego Building Trades Council v. Garmon,* 79 S. Ct. 773, 775 (1959) (finding that California courts did not have the power to step into the place of the NLRB where the NLRB refuses to exercise jurisdiction over a dispute between competing unions). Again, the NLRA does not "broadly" preempt state law. *See Livada* 512 U.S. at 123. If Defendants' analysis on this front was correct, no state could ever seek to establish their own wage and hour laws, because doing so would intrude upon the NLRB's jurisdiction.

In addition, Defendants' "past practice" argument is nonsensical. A valid past practice cannot be illegal. *See Jackson Purchase Rural Elec. Co-op. Ass'n. v, Local Union 816, IBW of Electrical Workers*, 646 F. 2d 264, 267 (6th Cir. 1981) (overturning an arbitrator's award that relied upon an illegal past practice, because there could be "no justified expectation" that an illegal agreement would continue). Moreover, if Defendant's stance was valid, an employer could claim any type of labor law violation was a "past practice," including the failure to pay overtime, and therefore preempt a plaintiff's claims. In the instant matter, Defendant is only making this argument in regards to NYLL § 191, likely because they are aware that such an argument against provisions regarding failure to pay overtime or spread hours would be senseless. Again, there is no functional difference between the NYLL § 198's application to untimely wage payments or overtime violations, because both result in underpayment.  Defendants cannot simply ignore the NYLL because they eventually agreed to a CBA.

### III. A PRIVATE RIGHT OF ACTION EXISTS FOR VIOLATIONS OF NYLL § 191

Whether or not NYLL § 191 contains a private right of action is purely a question of state law. Where there is no case law from the Court of Appeals on an issue of state law, federal courts follow the rulings of the state appellate courts. *See DiBella v. Hopkins,* 403 F.3d 102, 112 (2d Cir. 2005) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise") (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237 (1940)).

The only applicable appellate court ruling is *Vega*. *See Caul*, 2021 WL 4407856, at *2-3; (finding that *Vega* was the only state appellate court ruling regarding NYLL § 191, and that ); *see also Rodrigue,* 2021 WL 3848268, at *5; *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ.

86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302(JS)(SIL), 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020) (same); *Duverny v. Hercules Medical P.C.*, No. 18cv07652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) (same);

Defendants point to the *IKEA* case, but that decision has no bearing on whether a private right of action exists. *See e.g. Caul*, 2021 WL 4407856 at *3 ("the Second Department decision [*Ikea v. Indus. Bd. of Appeals*] … did not controvert the explicit holding of *Vega*); *Rodrigue*, 2021 WL 3848268, at *5 ("*Ikea* does not address whether employees may obtain liquidated damages for untimely payments"); *Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (E.D.N.Y. Jun 30, 2020) (oral argument transcript attached as **Ex. B**) ("*IKEA* didn't address [a private right of action], and I think it's quite difficult to read into *IKEA* any ruling at all on this precise issue, whether there is a private right of action under [NYLL] 191"); *Sorto*, No. 20 Civ. 1302 (JS)(SIL), ECF Doc. No. 24, pg. 3 ("*IKEA* addressed whether there was substantial evidence to support a determination by the Commission of Labor under section 191 – it did not address whether a private right of action exists"); *Phillips v. Max Finkelstein, Inc.*, Index No. 2020/542SC, 2021 WL 4075089, at *1 (N.Y. Sup. Ct. App. Term Aug. 26, 2021) ("unlike *Vega*, which, like the case at bar, arose from a plenary action for damages, in *IKEA*, the Second Department merely confirmed the determination of the Commissioner of Labor that an employer's payment frequency constituted a violation NYLL § 191 (1)(a)").

Defendants can only point to pre-*Vega* cases for their proposition that there is no private of action for a violation of NYLL § 191. For example, in *Hussain v. Pakistan Int'l Airlines*, the

court equated a failure to pay timely wages with an internal recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. *See Vega*, 175 A.D. 3d at 1145. Similarly, both *Gardner v. D&D Electrical Const. Comp., Inc.* and *Hunter v. Planned Bldg. Servs., Inc.* cite *Hussain* to find that late payments do not afford a private right of action. No. 160249/2018, 2019 N.Y. Slip Op. 32389(U) (N.Y. Sup. Ct. Aug. 7, 2019); No. 715053/0217, 2018 N.Y. Slip Op. 31541 (N.Y. Sup. Ct. 2018).

Each of these cases argue that untimely wage payments do not constitute an underpayment of wages by comparing the requirements of NYLL § 191 to statutes requiring employers to provide lunch breaks and keep accurate internal records. *Id.* As explained above, the key difference between these statutes and NYLL § 191 is that a failure to provide lunch breaks or keep internal records are not issues that are directly related to the payment of wages. On the other hand, NYLL § 191 lays out direct requirements to pay timely wages, meaning that a delay in payment of wages constitutes an *underpayment* under New York law. *See Vega,* 175 A.D. 3d at 1145 (stating "the moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required"). These cases, which rely on statutes which do not relate to the payment of wages, should not be granted deference by the Court.

The one and only post-*Vega* case from this Circuit that Defendants can point to in support of their assertion that there is no private right of action is *Arciello v. County of Nassau*, which does not address untimely payments made under NYLL § 191(1)(a), but instead discusses untimely overtime wages. No. 16 Civ. 3974, 2019 WL 4575145, at *8 (E.D.N.Y. Sept. 20, 2019).

Furthermore, while the *Arciello* decision was published ten days after *Vega*, the last brief filed on the motion to dismiss was filed before the *Vega* decision, and no supplemental authority was provided to the Court. *See* No. 16 Civ. 03974 (JMA)(SIL) (E.D.N.Y.) (ECF Nos. 227, 235). Thus, it appears that the *Arciello* court was unaware of *Vega* when rendering its decision. *See also Caul*, 2021 WL 4407856 at *3 (noting that *Arciello* did not address *Vega* and relied only on pre-*Vega* cases).

Consequently, Defendants have offered this Court very little with which to contravene the First Department's decision in *Vega*, and the overall weight of authority supports Plaintiff's position that there is a private right of action under NYLL § 191(1)(a). Therefore, the Court should find that a private right of action exists under this statute.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety.

Dated: October 13, 2021
      New York, New York

Respectfully submitted,

By:  /s/ Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and the Putative Class*

16