

Matthew P. Rocco<br>mrocco@rothmanrocco.com

December 3, 2021

**Via Electronic Filing**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
   Southern District of New York
40 Foley Square, Courtroom 615
New York, New York 10007

      Re:    **Gillet v. Zara USA, Inc, et al.; CV# 20-3734 (KPF)**

Dear Judge Failla:

      This firm represents Local 1102 RWDSU UFCW ("Union"). The undersigned respectfully regrets to inform the Court that due to continuing schedule and other difficulties related to the death of a family member [*see* Docket No. 64], I will not be able to submit an amicus brief arguing the Union's view that the portion of the first amended complaint alleging a "pay frequency" violation of New York Labor Law is preempted as an unauthorized intrusion on the Union's role as exclusive bargaining representative. Because of continued uncertainty concerning the undersigned's availability and the fact that the Union is not a party to this case, we will not seek a further extension of time so as not delay the disposition of Defendants' motion, with which we concur and believe fully addresses the subject of preemption under Section 301 of the Labor Management Relations Act and the National Labor Relations Act.

      That said, we note that Section 191 of the NYLL requires "manual workers" to be paid weekly, but, with approval of the labor department, the statute permits this same category of employees to be paid as infrequently as twice per month when certain straightforward criteria are met, *e.g.* the employer has a "computerized payroll system" and a history of "meeting its payroll responsibilities." (*See* N.Y. Lab. Law § 191). The first amended complaint does not allege that Zara has ever failed to meet its regular payroll responsibilities, nor is the Union aware of any instances. Even if the bargaining unit sales, cashier and stock employees are "manual workers," which it is not at all clear that they are, the Union is unaware of any tangible harm to the bargaining unit employees who were paid bi-weekly rather than weekly, a practice which is expressly permitted by Section 191.

**ROTHMAN ROCCO LARUFFA LLP**

Hon. Katherine Polk Failla, U.S.D.J.
December 3, 2021
P a g e | 2

   We sincerely thank the Court for granting us the opportunity to have been heard and regret that external circumstances made the writing of a formal amicus memorandum of law worthy of submission to the federal court a practical impossibility.

            Respectfully submitted,

            Matthew Rocco