IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Latrell Gillett, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**ZARA USA, INC., and INDITEX USA LLC,**<br><br>**Defendants.** | **No.: 20 Civ. 3734 (KPF)** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PUTSUANT
TO RULE 12(b)(6)**

Plaintiff, by and through his undersigned counsel, hereby submits this Notice of Supplemental Authority in further opposition of Defendant's Motion to Dismiss pursuant to Rule 12(b)(6).

In *Caul v. Petco Animal Supplies, Inc.*, Judge Kovner addressed a request to certify a previous order denying the defendants' motion to dismiss claims under NYLL § 191(1)(a) for interlocutory appeal. *See* No. 20 Civ. 3534 (RPK) (SJB), Minute Entry Dated Dec. 22, 2021 (E.D.N.Y.). Defendants argued that there was ground for a substantial difference of option on whether NYLL § 191 afforded a private right of action to the plaintiff, and whether temporary deprivation of money consisted sufficient injury to establish standing. *See id.* Judge Kovner denied the request, finding that there was no basis "[t]here is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL." *See id.* (citing *Vega v. CM & Assoc. Const. Mngmt., LLC*, 175 A.D. 3d 1144, 1145-46 (N.Y. App. Div. 2019). Judge Kovner further found that "there is not ground for substantial

difference of opinion about whether the temporary deprivation of money to which a plaintiff has a right is a sufficient injury to establish standing." *See id.* (citing *SPA Claims 1, LLC v. Tenet Florida,* 918 F.3d 1312, 318 (11th Cir. 2019); *Van v. LLR, Inc.*, 962 F.3d 1160, 1161, 1162-63 (9th Cir. 2020) (per curiam); *Habitat Educ. Center v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010)

Here, Defendants' arguments are substantially similar to the defendants in *Caul*.[1] For example, Defendants make the same argument that "there is conflicting caselaw with respect to the question of whether a private right of action exists [under NYLL § 191]. *See* ECF No. 59, pg. 12. However, similar to *Caul*, Defendants have not supplied "any relevant or persuasive conflicting opinions that raise genuine doubt as to the Court's obligation to follow *Vega*." *See id.* Moreover, the *Caul* defendants cited the same exact cases Defendants have here to argue that Plaintiff had not established standing. *Compare* ECF No. 59, pg. 6; *with* No. 20 Civ. 3534 (RPK) (SJB), ECF No. 22-1, pg. 10. Judger Kovner did not credit these cases, finding them to be "overshadowed by better reasoned and more recent cases." *See id.* (citing *Van*, 962 F.3d at 1161-1163; *Habitat Educ. Center*, 607 F. 3d at 457). Moreover, Judger Kovner noted that reliance on *Kawa Orthodontics, LLP v. Secretary, U.S. Dept of the Treasury* was misplaced, because "defendants fail to note that the Eleventh Circuit subsequently recognized that the lost use of money can in fact support standing." *See id.* (citing *MSPA Claims 1, LLC*, 918 F. 3d at 1318). Accordingly, Plaintiff respectfully requests that the Court consider the *Caul* decision in rendering its decision on Defendants' motion.

---

[1] The similarities in Defendants' arguments and the *Caul* defendants' arguments are further evidenced because Defendants here are represented by the same firm and counsel that the *Caul* defendants are. Moreover, while Mr. Freedberg has not appeared in the *Caul* matter, he did sign defendants' reply brief. *See* No. 20 Civ. 3534 (RPK) (SJB), ECF No. 27, pg. 9.

Dated:     New York, New York
           December 23, 2021

                                        By:   s/Brian S. Schaffer
                                              Brian S. Schaffer

                                              Brian S. Schaffer
                                              Hunter G Benharris
                                              FITAPELLI & SCHAFFER LLP
                                              28 Liberty Street, 30th Floor
                                              New York, NY 10005
                                              Telephone: (212) 300-0375
                                              Facsimile: (212) 481-1333
                                              *Attorneys for Plaintiff and the Putative Class*

TO:   LITTLER MEDELSON, P.C.
      Eli Z. Freedberg
      900 Third Avenue
      New York, New York 10022
      Telephone: (212) 583-8600
      efreedberg@littler.com