12/22/2021

ORDER: Defendants' motion 22 to amend the Court's Order dated 9/27/2021 to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is denied. Section 1292(b) permits a court to certify an order for interlocutory appeal when the court is "of the opinion that [the] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party seeking certification bears the burden of showing all three prongs are met. *Hymes v. Bank of Am., N.A.*, No. 18-CV-2352, 18-CV-4157 (RRM) (ARL), 2020 WL 9174972, at *3 (E.D.N.Y. Sept. 29, 2020). But even where Section 1292(b)'s requirements are met, "the certification decision is entirely a matter of discretion for the district court." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014). Defendants have moved for certification with respect to the Court's conclusion that Section 191 of the New York Labor Law (NYLL) permits a manual worker to bring a civil action for delayed payment of wages even if the wages have subsequently been paid. Mot. to Certify at 3-8 (Dkt. #22-1). Defendants have also moved for certification with respect to the Order's "conclusion that [plaintiff] has Article III standing," *id.* at 8. Defendants' motion is denied.

Substantial ground for difference of opinion exists where there is "genuine doubt as to whether the district court applied the correct legal standard in its order." *Santiago v. Pinello*, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (citation omitted). But substantial ground for a difference of opinion requires "more than a claim that the court's ruling was wrong." *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). For example, "[w]here the decision under review is in conflict with other decisions within the same district substantial ground for difference of opinion *may* exist." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 540 (S.D.N.Y. 2014) (emphasis added). Ultimately, "[i]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (alterations, emphasis, and citation omitted).

There is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL. In its Order dated September 27, 2021, the Court followed the state intermediate court's opinion in *Vega v. CM & Associates Construction Management, LLC*, 175 A.D.3d 1144, 1145-46 (N.Y. App. Div. 2019), which held that New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages, even if wages are no longer past due. The Order explained that a federal court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010). The Order noted that "[s]ince *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law." Order dated Sept. 27, 2021 at 5 (collecting cases). The Order found that the only relevant post-*Vega* cases cited by defendants, a pair of Suffolk County Court Cases, were unpersuasive, and that defendants had offered no other persuasive reason to depart from *Vega*. Order dated Sept. 27, 2021 at 5-8. Defendants' motion for certification fails to cite any relevant or persuasive conflicting opinions that raise genuine doubt as to the Court's obligation to follow *Vega*. *See* Mot. to Certify at 4-7. And defendants have not identified persuasive evidence that the New York Court of Appeals would reach a different conclusion than *Vega*.

Nor would interlocutory certification be appropriate on the theory that the "order involves a controlling question of law" about plaintiff's standing "as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b). A Court has an obligation to assure itself that Article III requirements such as standing are satisfied. *See, e.g.*, *Alabama Legislative Black Caucus v. Alabama*, 575 U.S. 254, 270-271 (2015). But plaintiff's standing was not directly addressed in the September 27 Order because defendants did not adequately develop any argument regarding plaintiff's standing in their motion to dismiss. Instead, defendants made a statutory construction argument that Section 191 should not be read to create a private right of action on the "constitutional avoidance" theory that such a private right of action would be available to *some* plaintiffs who do not satisfy the standing requirements of Article III. *See* Mot. 16-18. The lone sentence referencing plaintiff's standing in the course of that constitutional avoidance argument, *id.* at 17, was not adequate to place the Court on notice that plaintiff's *own* standing was being challenged in the motion to dismiss. *See, e.g.*, *SKI Beer Corp. v. Baltika Brewery*, 612 F.3d 705, 712 (2d Cir. 2010). As a result, the order denying defendants' motion simply addressed defendants' constitutional avoidance argument. *See* Order dated September 27, 2021 at 7. The Court first concluded that defendants had offered no authority "that state causes of action should be construed narrowly to ensure that federal courts can adjudicate them." *Ibid.* In the alternative, the Court held that even if state statutes should be so construed, the late payment of wages is a concrete harm for purposes of Article III standing, and therefore the NYLL need not be construed to avoid an implied private right of action. *Id.* at 8. Since the Order simply addressed defendants' statutory construction arguments regarding the NYLL, I am skeptical that the "*[O]rder* involves a controlling question of law" concerning plaintiff's standing, as would be required for me to certify the order for interlocutory review of that question, 28 U.S.C. § 1292(b) (emphasis added). Even if the order did impliedly "involve[]" questions regarding plaintiff's standing, I would not exercise my discretion to certify review of a matter that defendants did not adequately present in the district court before their request for certification.

In any event, there is not ground for substantial difference of opinion about whether the temporary deprivation of money to which a plaintiff has a right is a sufficient injury to establish standing. The cases cited by defendants in support of the proposition that the temporary loss of money is too speculative an injury to support Article III standing, *see* Mot. to Certify at 9-10, are overshadowed by better reasoned and more recent cases. *See, e.g.*, *Van v. LLR, Inc.*, 962 F.3d 1160, 1161, 1162-63 (9th Cir. 2020) (per curiam); *Habitat Educ. Center v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010). For example, while the lone court of appeals decision that defendants invoke is from the Eleventh Circuit— *Kawa Orthodontics, LLP v. Secretary, U.S. Dept of the Treasury*, 773 F.3d 243, 246 (11th Cir. 2014)—defendants fail to note that the Eleventh Circuit subsequently recognized that the lost use of money can in fact support standing, *MSPA Claims 1 LLC v. Tenet Florida*, 918 F.3d 1312, 318 (11th Cir. 2019). Defendants further complain that plaintiff did not "allege a 'lost time value of money' injury in her complaint," Mot. to Certify at 10 n.4. But the complaint alleges the facts necessary to establish that plaintiff suffered that injury. Specifically, it alleges that throughout plaintiff's employment, defendants paid her on a bi-weekly basis, instead of "within seven calendar days after the end of the week in which... wages were earned," as she alleges was required by law, Compl. 5; *see id.* 40-41 (alleging defendants' untimely payment of wages to plaintiff on February 15, 2019). Those allegations are adequate to plead that she was deprived of the time value of her money during periods in which payment was illegally delayed.

For those reasons, defendants' motion to certify is denied. The parties shall proceed to discovery. Ordered by Judge Rachel P. Kovner on 12/22/2021. (Bell, Jason) (Entered: 12/22/2021)